Mark S. Horoupian (CA Bar No. 175373)
mhoroupian@sulmeyerlaw.com
**Sulmeyer**Kupetz
A Professional Corporation
333 South Hope Street, Thirty-Fifth Floor
Los Angeles, California 90071-1406
Telephone:   213.626.2311
Facsimile:    213.629.4520

Attorneys for Debtor, Christopher A. Eberts

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>CHRISTOPHER A. EBERTS,<br><br>        Debtor.<br><br>MATTHEW MINNIS,<br><br>        Plaintiff,<br><br>v.<br><br>CHRISTOPHER A. EBERTS,<br><br>        Defendant. | Case No. 2:09-bk-12534 ER<br><br>Chapter 7<br><br><br><br>Adv. No. 2:09-ap-01749 ER<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS THIRD CLAIM FOR RELIEF IN PLAINTIFF'S COMPLAINT OBJECTING TO DISCHARGE OF DEBTOR; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF CHRISTOPHER EBERTS IN SUPPORT THEREOF**<br><br>[F.R.C.P. 12(b); F.R.B.P. 7012]<br><br>DATE:  November 10, 2009<br>TIME:   10:00 a.m.<br>PLACE: Courtroom 1568<br>             255 E. Temple Street<br>             Los Angeles, CA  90012 |

**TO THE HONORABLE ERNEST M. ROBLES, UNITED STATES BANKRUPTCY JUDGE, AND ALL INTERESTED PARTIES:**

Christopher Eberts (the "Debtor," "Eberts" or "Defendant") respectively submits his Notice of Motion and Motion to Dismiss Third Claim for Relief in Plaintiff's Complaint

[MSH\BANKR\529573.1]

Objecting to Debtor's Discharge for Failure to State a Claim upon Which Relief Can Be Granted; Memorandum of Points and Authorities; and Declaration of Christopher Eberts in Support Thereof (the "Motion").

**PLEASE TAKE NOTICE** that on November 10, 2009 at 10:00 a.m. , in Courtroom 1568 of the above-entitled court, Defendant will and hereby does move this Court to dismiss the Third Claim for Relief in the First Amended Complaint (the "Complaint") objecting to the Debtor's Discharge pursuant to 11 U.S.C. § 727, with prejudice, filed by Plaintiff Matthew Minnis (the "Plaintiff" or "Minnis").

The Motion is made on the grounds that the Complaint fails to state a claim upon which relief can be granted.

The Motion is based on this written Notice, the accompanying Memorandum of Points and Authorities and Declaration, the Court's files in this adversary proceeding and the related chapter 7 case, and on such other evidence and argument as may properly come before the Court at the hearing.

**PLEASE TAKE FURTHER NOTICE** that Local Bankruptcy Rule 9013-1(a)(7) requires that any opposition to the Motion must be made in writing, filed with the Court and served upon Defendant's counsel at least fourteen (14) days before the hearing. Failure to file a timely Opposition as required by Local Bankruptcy Rule 9013-1(a)(7) may be deemed waived and such waiver may be deemed a consent to the relief requested.

DATED: October 14, 2009          **SulmeyerKupetz**
                                  A Professional Corporation


                                  By: /s/ Mark S. Horoupian
                                      Mark S. Horoupian
                                      Attorneys for Debtor, Christopher A. Eberts

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

On June 24, 2009, Plaintiff filed the within adversary proceeding which seeks to deny the Debtor's discharge (the "727 Action"), and to establish certain debts as non-dischargeable (the "523 Action"). The 727 Action is contained in the Complaint's Third Claim for Relief. The Debtor disputes the 523 Action and the 727 Action. With respect to the 523 Action, the Debtor will file an answer; however, with respect the 727 Action, it cannot be supported by any cognizable legal theory, and even if a cognizable legal theory exists, the facts alleged in the 727 Action are insufficient to support such theory.

A review of the Complaint makes clear that the Plaintiff is attempting to make blanket assertions under various subsections of 11 U.S.C. § 727(a) in hopes to bar the Debtor's discharge. In fact, as stated below, the act on which the 727 Action is predicated occurred outside the one-year period under section 727(a) and, therefore, could not be the basis of an appropriate action under this Section.

## II.

## STANDARDS APPLICABLE TO MOTIONS TO DISMISS

A.  **A Motion To Dismiss A Claim For Relief Should Be Granted Where The Claim For Relief Cannot Afford Relief To The Plaintiff As A Matter Of Law, Or The Plaintiff Has Not Alleged Sufficient Facts To Support The Legal Theory, Even If A Legal Theory Exists.**

The fundamental nature of a motion to dismiss in federal practice is familiar, however, the requisite standard has recently been tightened, in favor of moving parties.

Rule 7012 of the Federal Rules of Bankruptcy Procedure ("F.R.B.P.") makes applicable here Rules 12(b)-(h) of the Federal Rules of Civil Procedure ("F.R.C.P."). In relevant part, F.R.C.P. 12 states:

///

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . (6) failure to state a claim on which relief can be granted . . . A motion making any of these defenses shall be made before pleading if a further pleading is permitted . . .

In resolving a Rule 12(b)(6) motion, courts were previously asked to (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d. 336, 337-38 (9th Cir. 1996). A complaint may be dismissed as a matter of law for the following two reasons: (1) lack of a cognizable legal theory; or (2) absence of sufficient facts under cognizable legal claim. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533 (9th Cir. 1984).

Pursuant to the recent United States Supreme Court holding in *Bell Atlantic Corp. v. Twombly*, 550 U.S. __, 127 S. Ct. 1955, 1969 (2007), it is no longer sufficient to allege bare elements of a cause of action; now, the "complaint must allege facts suggestive of [the proscribed] conduct." The complaint must be dismissed if the plaintiff has not "nudged their claims across the line from conceivable to plausible. . ." *Id.* at 1960.

### III.

### THE CLAIMS FOR RELIEF FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

The sole claim for relief in the 727 Action individually outlined below are not supported by sufficient facts suggestive of the alleged conduct, or in other words, the facts alleged in support of the 727 Action do not nudge the claims into the "realm of plausible liability". *See Bell Atlantic Corp., supra.* Moreover, objections to discharge are narrowly construed to further the policy of providing debtors with a fresh start. *Jodoin v. Samayoa (In re Jodoin)*, 209 B.R. 132, 139 (B.A.P. 9th Cir. 1997). As such, the Complaint here should be dismissed as follows:

### A.  11 U.S.C. § 727(a)(2)(A)— Third Claim for Relief.

Plaintiff moves under 11 U.S.C. § 727(a)(2)(A) and seeks a denial of the Debtor's discharge. Section 727(a)(2) prohibits a court from discharging a debtor if the debtor, "with intent to hinder, delay, or defraud a creditor . . . has transferred, removed, destroyed, mutilated, or concealed . . . (A) property of the debtor, within one year before the date of the filing of the petition." The debtor's intent to hinder, delay or defraud creditors must be actual, rather than constructive. *First Beverly Bank v. Adeeb (In re Adeeb)*, 787 F.2d 1339, 1342-43 (9th Cir. 1986). It is axiomatic that fraud allegations must be pled with specificity against the defendant being sued. *See* F.R.C.P. 9(b); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003).

The Complaint is simply devoid of any facts to substantiate the heightened pleading requirements for such actual wrongdoing or fraud. In support of its claim for relief, the Plaintiff merely alleges that the Debtor transferred the interest in his home to his wife within a year of the filing of the Petition, with the intent to hinder delay and defraud his creditors. The statement is made upon information and belief, but there are no facts alleged to substantiate such information and belief. *See* Complaint at ¶¶ 39-41. The debtor must have had a subjective intent to hinder, delay or defraud a creditor at the time the property concealment occurred. *Hughes v. Lawson (In re Lawson)*, 122 F.3d 1237, 1240 (9th Cir. 1997). There are no facts alleged here to support the Debtor's subjective intent in any regard nor are there any facts alleged to support that the Debtor actually intended to defraud his creditors. The mere parroting of the statutory language in the Complaint does not satisfy the requirements of alleging fraudulent intent. Lastly, there cannot be a "concealment" for purposes of section 727(a)(2) unless the debtor has retained some secret interest in the subject property after its transfer. *Rosen v. Bezner*, 996 F.2d 1527, 1532 (3d Cir. 1993). Here, again, there are no facts alleged regarding the Debtor's purported secret interest in the residence.

In fact, there is <u>no</u> hope that the Complaint could be amended to state a cause of action on which the relief sought could be granted because the transfer of the Debtor's

1 interest in his residence to his wife occurred outside the one-year look back period of 11
2 U.S.C. § 727(a). The inter-spousal transfer deed transferring said interest was executed
3 on January 31, 2008 and was notarized that same day. The Debtor commenced his
4 chapter 7 case on February 5, 2009 (more than a year after the transfer occurred). A
5 true and correct copy of the transfer deed is attached hereto as Exhibit "1" and
6 incorporated herein by this reference. As decided by the Ninth Circuit in a case directly
7 on point (also involving a transfer of an interest in a home between an husband and a
8 non-debtor wife), the date of the transfer for purposes of section 727(a) is measured on
9 the date of execution of the deed or agreement transferring the interest not on the date of
10 recordation. *Finalco, Inc. v. Roosevelt (In re Roosevelt)*, 87 F.3d 311, 36 C.B.C. 2d 118
11 (9th Cir. 1996), *cert. denied*, 520 U.S. 1209, 117 S. Ct. 1691, 137 L. Ed. 2d 818 (1997).
12 Thus, under no permutation of the set of facts could the sole act alleged in the Complaint
13 give rise to a denial of the Debtor's discharge.
14 For all of these reasons, the 727 Action is not, and cannot be, supported by any
15 facts suggestive of the alleged conduct sufficient to satisfy the stringent requirements to
16 deny the Debtor's discharge.

## IV.

## CONCLUSION

19 For all of the reasons discussed above, the Complaint fails to state a claim
20 upon which relief can be granted, and further fails to allege specific facts concerning the
21 Debtor here to support any proper claim by which denial of discharge can be granted,
22 especially in light of the Supreme Court's *Twombly* decision. The 727 Action is not, and
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

[MSH\BANKR\529573.1]

- 6 -

cannot be, supported by any facts suggestive of the proscribed conducts sufficient to satisfy the stringent requirements to except from discharge the Debtor's entire debts. As such, the Motion should be granted.

DATED: October 14, 2009

**Sulmeyer**Kupetz
A Professional Corporation

By: /s/ Mark S. Horoupian
    Mark S. Horoupian
    Attorneys for Debtor, Christopher A. Eberts

## DECLARATION OF CHRISTOPHER EBERTS

I, Christopher Eberts, declare as follows:

1. I am a party in the above-entitled action. I have personal knowledge of the facts set forth herein, which are known by me to be true and correct, and if called as a witness, I could and would competently testify thereto.

2. Attached hereto as Exhibit 1 is a true and correct copy of the interspousal grant transfer deed whereby I transferred my interest in that property located at 11496 Orum Road, Los Angeles, CA 90049 to my wife, Kristin Eberts.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed October 13, 2009, at Los Angeles, California.

_____
Christopher Eberts

# EXHIBIT "1"

**RECORDING REQUESTED BY**
First American Title Company

**AND WHEN RECORDED MAIL DOCUMENT
AND TAX STATEMENT TO:**
Kristin Eberts
11496 Orum Road
Los Angeles, CA 90049

_____ Space Above This Line for Recorder's Use Only _____

A.P.N.: 4369-003-002

## INTERSPOUSAL TRANSFER GRANT DEED
(Excluded from Reappraisal under California Constitution Article 13A □ 1 et seq.)

The Undersigned Grantor(s) declare(s): DOCUMENTARY TRANSFER TAX $00.00; CITY TRANSFER TAX $00.00;
SURVEY MONUMENT FEE $10.00
This conveyance is solely between spouses and establishes the sole and separate property of a spouse and is EXEMPT from the imposition of the Documentary Transfer Tax pursuant to Section 11930 and/or 11911 et seq. of the Revenue and Taxation Code.

This is an Interspousal Transfer and not a change in ownership under Section 63 of the Revenue and Taxation Code, and transfer by Grantor(s) is excluded from reappraisal as a creation, transfer, solely between the spouses of any co-owner's interest.

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, **Christopher A. Eberts and Kristin Eberts, Husband and Wife as Joint Tenants**

hereby GRANTS to **Kristin Eberts, A Married Woman as Her Sole and Separate Property**

the following described property in the City of **Los Angeles**, County of **Los Angeles**, State of **California**:

Attached hereto as Exhibit A.

It is the express intent of the Grantor, being the spouse of the Grantee, to convey all right, title and interest of the Grantor, community or otherwise, in and to the herein described property to the Grantee as his/her sole and separate property.

Dated: 1/31/08

_____
Christopher A. Eberts

Mail Tax Statements To: **SAME AS ABOVE**

EXH. "1"
- 9 -

A.P.N.: 4369-003-002

STATE OF _Los Angeles_ )SS
COUNTY OF _California_ )

On _January 31, 2008_, before me, _N. Haeussermann_, Notary Public, personally appeared _Chas Eberts_, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within Instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature
_N. Haeuserman_

[SEAL: N. HAEUSSERMANN
COMM. #1638401
Notary Public - California
Los Angeles County
My Comm. Expires Jan. 16, 2010]

My Commission Expires: _____

*This area for official notarial seal*

Notary Name: _____    Notary Phone: _____
Notary Registration Number: _____    County of Principal Place of Business: _____

Page 2

EXHIBIT "A"

Parcel 1:

Lot 5 of Tract 16827, in the City of Los Angeles, County of Los Angeles, State of California, as per map recorded in Book 390, Pages 38 to 41 inclusive of maps, in the office of the County Recorder of said County.

Except that portion of said lot described as follows:

Beginning at a point in the Northeasterly line of said Lot 5; which bears South 59° 08' 17" East 77.15 feet from the most Northerly corner of said Lot 5; thence South 34° 04' 00" West, 10.02 feet; thence South 59° 08' 17" East, parallel to the aforementioned Northeasterly line, 114.00 feet, more or less, to a point in a curve Easterly and having a radius of 362.50 feet; thence Northeasterly along said curve to a point in the Northeasterly line of said Lot 5, which bears South 59° 08' 17" East, 190.58 feet from the most Northerly corner of said Lot 5; thence along said line North 59° 08' 17" West, 113.43 feet to the point of beginning.

Parcel 2:

An easement for community road and public utility purposes over those portions of Lots 6 and 9 of Tract 16827, in the City of Los Angeles, County of Los Angeles, State of California, as per map recorded in Book 390, Pages 38 to 41 inclusive of maps, in the office of the County Recorder of said County, included within a strip of land 25 feet wide, the center line of said strip being described as follows:

Beginning at a point in the curved Northerly line Lot 9 of said Tract 16827, distant Easterly thereon 10.60 feet from the Northwesterly corner of said Lot 9; thence South 36° 10' 32" West 130.67 feet to the beginning of a tangent curve concave Easterly and having a radius of 350 feet; thence Southerly along said curve through a Delta of 5° 06' 09" a distance of 31.07 feet to the Southwesterly line of said Lot 6.

The side lines of said 25 foot strip of land terminates at the North in the curved Northerly line of said Lots 6 and 9 and the South in the Southwesterly line of Lot 6.

Assessor's Parcel No: 4369-003-002

| In re:<br>MINNIS v. EBERTS, | CHAPTER 7 |
|---|---|
| Debtor | CASE NUMBER 2:09-ap-01749 ER |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **Sulmeyer**Kupetz, 333 S. Hope St., 35th Floor, Los Angeles, CA 90071-1406.

The foregoing document described **"DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS THIRD CLAIM FOR RELIEF IN PLAINTIFF'S COMPLAINT OBJECTING TO DISCHARGE OF DEBTOR; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF CHRISTOPHER EBERTS IN SUPPORT THEREOF"** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On October 14, 2009, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Leslie A. Cohen, Esq. for Matthew Minnis      leslie@lesliecohenlaw.com
- Office of the U.S. Trustee                    ustpregion16.la.ecf@usdoj.gov
- Jason M. Rund, Chapter 7 Trustee              trustee@srlawyers.com
- Scott Lee, Esq. for Chapter 7 Trustee         slee@lbbslaw.com

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On October 14, 2009, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

**DEBTOR**
**Christopher A. Eberts**
**11496 Orum Road**
**Los Angeles, CA 90049**

**Office of the U.S. Trustee**
**725 S. Figueroa St., 26th Floor**
**Los Angeles, CA 90017**

The Hon. Ernest Robles, U.S. Bankruptcy Court, 255 E. Temple St., Suite 1560, Los Angeles, CA 90012

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| October 14, 2009 | Kathleen Fox | /s/ Kathleen Fox |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1